# EXHIBIT

# B

# GUARANTY

IN CONSIDERATION OF and in order to induce Firstar Bank, N.A. ("Lessor") to enter into the Master Equipment Lease No. 0013834 between Lessor and R & R FREIGHT COMPANY, INC. ("Lessee"), William A. Roberts (the "Guarantor") represents and warrants that it expects to derive substantial benefits from the financial accommodations to Lessee arising out of the Lease, and that this Guaranty is given for a business purpose. The Guarantor does hereby:

1. Unconditionally and absolutely guarantee to Lessor the full and prompt payment and performance, when due, whether at the maturity date specified therein or theretofore upon acceleration of maturity pursuant to the provisions thereof, of all indebtedness, rents, obligations, duties and liability of whatsoever nature of Lessee to Lessor arising under the Lease any and all Supplements thereto, and any other document or instrument executed in connection therewith, whether now existing or hereafter created and whether due or to become due, absolute or contingent, direct or indirect, or joint, or joint and several, (such indebtedness, rents, obligations, duties and liability hereinafter collectively referred to as the "Obligations"); together with any and all costs and expenses of and incidental to the collection of the Obligations or the enforcement of this Guaranty, including, but not limited to, reasonable attorneys' fees.

2. Waive (a) presentment, demand, notice of nonpayment, protest, and notice of protest on the Obligations, (b) notice of acceptance of this Guaranty by Lessor and (c) notice of the creation or occurrence of the Obligations by Lessee.

3. Agree that Lessor may from time to time, without notice to the Guarantor, which notice is hereby waived by the Guarantor, extend, modify, renew or compromise the Obligations in whole or in part of Lessee under the Lease or any other document executed in connection therewith, including any other guaranty thereof, and that Lessor is expressly authorized to forward or deliver any or all collateral and security which may at any time be placed with it by Lessee or the Guarantor or any other person, directly to Lessee for collection and remittance or for credit, or to collect the same in any other manner and to renew, extend, compromise, exchange, release, surrender, or modify the terms of, any or all of such collateral and security with or without consideration, in any case without releasing, extinguishing, or affecting in any manner whatsoever the liability of the Guarantor hereunder, the foregoing acts being hereby consented to by the Guarantor.

4. Agree that Lessor shall not be required to first resort for payment and other performance to Lessee, or any other person or corporation, their properties or estates, or exercise or pursue any other right or remedy whatsoever, prior to enforcing this Guaranty and that this Guaranty shall be construed as a continuing, absolute, and unconditional guarantee without regard to (a) the validity, regularity, or enforceability of the Obligations or other duties of Lessee under the Lease, or any other document executed in connection therewith, or the disaffirmance thereof in any insolvency or bankruptcy proceeding relating to Lessee, or (b) any event or any conduct or action of Lessee to Lessor or any other party, which might otherwise constitute a legal or equitable discharge of a surety or guarantor, but for this provision.

5. Agree that the liability of the Guarantor hereunder shall not be affected or impaired by any failure, neglect, or omission on the part of Lessor to realize upon the Obligations, or upon any collateral or security therefor, nor by the taking by Lessor of any other guaranty or guaranties to secure the Obligations, nor by taking by Lessor of collateral or security of any kind nor by any act or failure to act whatsoever which but for this provision might or could in law or in equity act to release or reduce the Guarantor's liabilities hereunder.

6. Agree that the liability of the Guarantor hereunder shall not be affected or impaired by the existence or creation from time to time, with or without notice to the Guarantor, which notice is hereby waived, of indebtedness of Lessee to Lessor arising out of or under the Lease, any Supplement thereto, or any other document executed in connection therewith, or any other indebtedness, the creation or existence of such additional indebtedness being hereby consented to by the Guarantor. Guarantor acknowledges that it has adequate means to obtain information concerning such additional indebtedness from Lessee on a continuing basis. This Guaranty is a continuing guaranty and shall remain in effect until all Obligations have been indefeasibly paid in full. Guarantor may terminate its obligation hereunder as to then future transactions between Lessor and Lessee by registered mail notice to Lessor at its address in the Lease; provided, however, that such termination shall not affect its liability hereunder with respect to any Obligations incurred prior to receipt of such notice by Lessor.

7. Waive any right of subrogation Guarantor has or may have as against Lessee or its assets with respect to the Obligations guaranteed hereunder; any right to proceed against Lessee, now or hereafter, for contribution, indemnity, reimbursement and any other suretyship rights and claims, whether direct or indirect, liquidated or contingent, whether arising under express or implied contract or by operation of law, which Guarantor may now have or hereafter have as against Lessee or any other person or entity with respect to the Obligations guaranteed hereunder and agree that in light of the immediately foregoing waivers the execution of this Guaranty shall not be deemed to make the Guarantor a "creditor" of Lessee, for purposes of Sections 547 and 550 of the U.S. Bankruptcy Code.

8. Waive any defense arising by reason of any disability or other defense of Lessee or by reason of the cessation from any cause whatsoever of the liability of Lessee and agree that nothing shall discharge or satisfy the liability of the Guarantor hereunder except the full and indefeasible payment and performance of all of the Obligations to Lessor with interest.

9. Agree that the Obligations shall not be considered indefeasibly paid until all payments to Lessor are no longer subject to any right, by any person, to invalidate or set aside such payments or to seek to recoup the amount of such payments or to declare such payments to be fraudulent or preferential and that in the event any portion of any payments against the Obligations shall be set aside or restored (whether pursuant to judgment, decree or order or any settlement or compromise agreed to by Lessor, or otherwise), then Guarantor shall be liable for the full amount Lessor is required to repay, plus any costs and expenses (including attorneys' fees) paid by Lessor in connection therewith.

10. Agree that this Guaranty shall be binding upon Guarantor and its successors and assigns, heirs and personal representatives including the estate of any individual deceased Guarantor and shall inure to the benefit of Lessor and its successors and assigns; that notwithstanding the foregoing, Guarantor may not transfer or assign any or all of its rights or obligations hereunder without the prior written consent of Lessor; and that any such transfer or assignment shall not release or affect the liability of the Guarantor hereunder in any manner whatsoever. Guarantor does hereby agree that Lessor may, without notice to the Guarantor, which notice is hereby waived by Guarantor, assign the Agreement, this Guaranty and all other documents related therewith.

11. Agree that the obligations of the Guarantor hereunder shall be joint and several with all other parties obligated for the Obligations, whether by this Guaranty or otherwise, and that the Guarantor may be joined in any action or proceeding commenced against Lessee in connection with or based upon the Obligations and recovery may be had against the Guarantor in any such action or proceeding or in any independent action or proceeding against the Guarantor should Lessee fail to duly and punctually pay any of the principal of or interest on the Obligations.

12. Agree that this Guaranty and the legal relations between the parties hereto shall be governed by and construed in accordance with the internal laws of the State of Minnesota (without regard to the laws of conflict of any jurisdiction) as to all matters, including, without limitation, matters of validity, interpretation, construction, effect, performance and remedies. The Guarantor hereby consents to the personal jurisdiction of the state and federal courts of the State of Minnesota in connection with any controversy related to this Guaranty, waives any argument that venue in such forums is not convenient and agrees that any litigation initiated by the Guarantor against Lessor shall be venued in the District Courts of Hennepin County, Minnesota, or the United States District Courts for the State of Minnesota.

13. Agree that any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

14. Agree that no delay on the part of Lessor in exercising any of its rights, remedies, powers and privileges hereunder or partial or single exercise thereof, shall constitute a waiver thereof. No notice to or demand on Lessee in any case shall entitle Guarantor to any other or further notice or demand in similar or other circumstances or constitute a waiver of any of the rights of Lessor to any other or further action in any circumstances without notice or demand.

15. This Guaranty can not be amended or modified except by an instrument signed by the parties.

William A. Roberts
_/s/ William A Roberts_____ Date ✓ 3-30-2001
SSN: 420922447
P.O. BOX 1221
ALEXANDER CITY, AL 35011

_____ Date _____
SSN:

_____ Date _____
SSN:

_____ Date _____
SSN: