**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. BANCORP EQUIPMENT FINANCE, )<br>INC., a corporation, )<br>        )<br>        Plaintiff, )<br>        )<br>vs. )<br>        )<br>R & R FREIGHT COMPANY, INC., a )<br>Corporation, and WILLIAM A. ROBERTS,)<br>an individual, )<br>        )<br>        Defendant. ) | CIVIL ACTION NO.  05-481-T-C |

**AFFIDAVIT OF C. ELLIS BRAZEAL, III**

STATE OF ALABAMA            )
COUNTY OF JEFFERSON        )

Before me, the undersigned Notary Public, in and for said State and in said County, personally appeared C. Ellis Brazeal III who, first being duly sworn, deposed and said as follows:

1.    My name is C. Ellis Brazeal, III.  I am over 21 years of age.  I am an attorney licensed to practice law in the State of Alabama.  I have been a member of the bar of this Court for approximately 17 years.  I am a partner in the law firm of Walston, Wells, Anderson & Birchall, LLP, and I am authorized to execute this affidavit on its behalf.  This affidavit is based upon my personal knowledge and my review of the records in my office pertaining to the above-styled action.

2.    At the request of U.S. Bancorp Equipment Finance, Inc. ("U.S. Bancorp"), the present action was filed against R & R Freight Company, Inc. and William A. Roberts, the defendants in this action, to collect the debt owed by them to U.S. Bancorp.  The Master

Equipment Lease and the Guaranty (Personal), made the basis of this action, provide for payment of the total indebtedness to U.S. Bancorp, which includes reasonable attorneys' fees and expenses incurred in the collection of the debts owed to U.S. Bancorp.

3.    Attorneys for this firm have rendered professional services in connection with the collection of this debt.  Those services have included, without limitation, reviewing documents, discussions with and correspondence to representatives of U.S. Bancorp, drafting and filing the Complaint, discussions with and correspondence with attorney for the defendants in negotiations prior to the filing for default judgment, drafting and filing the Application for Entry of Judgment by Default, and drafting affidavits in support thereof.

4.    As of October 21, 2005, a total of 21.40 hours of professional services have been rendered by attorneys in this firm in connection with the collection of the debt owed by the defendant.  In my opinion, these services were necessary and authorized.  Accordingly, based on my review of the firm's time records in this case, and considering all of the factors set out in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), it is my opinion that a reasonable attorneys' fee for the professional services rendered in this case would be $4,213000.

5.    Additionally, $661.97 in expenses have been incurred in this case.  These expenses include, without limitation, charges for filing fees, photocopies, long distance, facsimile, and postage.

6.    Based on the foregoing, the total attorneys' fees and expenses requested as of October 21, 2005, are as follows:

|  |  |
|---|---|
| FEES: | $4,213.00 |
| EXPENSES: | $  661.97 |
| TOTAL: | $4,874.97 |

Further affiant saith not.

C. Ellis Brazeal, III

Sworn and subscribed before me
this 21st day of October, 2005.

NOTARY PUBLIC

My Commission expires: 2/16/09